(No. 52496

RAY MARSHALL, United States Secretary of Labor, *et al.,* Petitioners, v. PAUL F. ELWARD, Judge, *et al.,* Respondents.

*Opinion filed January 23, 1980.*

Carin Ann Clauss, Solicitor of Labor, Ronald Whiting, Associate Solicitor of Labor, Sofia Petters, Richard Galgay, Linda Lewis, and Miriam Miller, all of Washington, D.C., and Herman Grant, Regional Solicitor, Richard J. Fiore, Regional OSHA Counsel, Nancy Boyland Collins, Mark A. Holbert, and Lisa R. Williams, all of Chicago, for petitioners.

Richard I. Bass, of Chicago (Sidney Z. Karasik and Michael Kreloff, of counsel), for respondents.

MR. JUSTICE MORAN delivered the opinion of the court:

An original action for *mandamus* and prohibition is brought by Ray Marshall, Secretary of the United States Department of Labor (petitioner), against Judge Paul F. Elward of the circuit court of Cook County (respondent). A *subpoena duces tecum* was issued by Thomas Baumhardt (plaintiff in a civil action before respondent) upon the local director of the Occupational Safety and Health

Administration (OSHA), requesting the production of certain documents held by OSHA. OSHA's motion to quash the subpoena was denied, whereupon respondent held an *in camera* inspection of the documents in question. On September 13, 1979, respondent ordered petitioner to release certain of those documents to Baumhardt. Petitioner here seeks to compel expungement of the September 13 order.

Petitioner argues that, based upon the sovereign immunity of the United States government and upon the supremacy clause of the United States Constitution, the circuit court of this State lacks jurisdiction to compel the United States Department of Labor to produce Federal records here sought. Petitioner also argues that its records are not subject to production because such records are privileged.

An explosion occurred on January 16, 1979, at an excavation work site of the Metropolitan Sanitary District of Greater Chicago known as the "Deep Tunnel Project." Baumhardt was one of the workmen injured in the explosion. Immediately after the mishap, the area was sealed off, and OSHA conducted an investigation of the circumstances of the explosion to determine if there had been violations of the Occupational Safety and Health Act of 1970 (Act). An OSHA investigatory file was compiled which contained, among other things, employee interview statements, notations of OSHA investigators, photographs and diagrams and similar documentation of the observations of OSHA investigators, and a written summary of investigative findings. As a result of its investigation, OSHA issued a citation which charged the construction contractors, Kenny Construction Company, Paschen Contractors, Inc., and S. & M. Joint Venture (Kenny-Paschen), with violations of the Act. Since the citation was contested, an OSHA enforcement proceeding was scheduled and is currently pending.

Baumhardt filed suit under the Structural Work Act

(Ill. Rev. Stat. 1977, ch. 48, par. 60 *et seq.*) and served a *subpoena duces tecum* upon Morely Brickman, acting area director for OSHA, for the production of various documents in the "Deep Tunnel" investigatory file. Petitioners filed a motion to quash the subpoena, arguing that the premature disclosure of such documents would hamper the pending OSHA enforcement proceeding and that the documents were privileged. On August 21, 1979, respondent ordered Brickman to produce the records for an *in camera* inspection. On September 13, 1979, after the *in camera* inspection, the respondent ordered the immediate disclosure of those portions of the file not deemed privileged. We granted petitioner's motion for leave to file a petition for original *mandamus* and prohibition and further ordered that the respondent's order be stayed until further order of this court.

The assertion that the circuit court is without jurisdiction will be addressed in its relationship to (a) the sovereign immunity of the United States government and (b) the supremacy clause of the United States Constitution.

As to the first of these, it is clear that no suit may be brought against the United States, as sovereign, unless Congress, by Federal statute, has consented to such suit. When the United States has relinquished its sovereign immunity and consents to be sued, suit may be brought, limited by the terms of the consent set forth in the legislation and only in the courts designated. *United States v. Shaw* (1940), 309 U.S. 495, 500-01, 84 L. Ed. 888, 891-92, 60 S. Ct. 659, 661; *United States v. Sherwood* (1941), 312 U.S. 584, 590, 85 L. Ed. 1058, 1063, 61 S. Ct. 767, 771; *Minnesota v. United States* (1938), 305 U.S. 382, 387, 83 L. Ed. 235, 240, 59 S. Ct. 292, 294.

It must be noted, however, that the sovereign immunity doctrine states that no *suit* may be brought against the United States as sovereign. Petitioner argues that the *subpoena duces tecum* is a "suit" because it involves

property in which the government has an interest, namely the OSHA investigative file. (*Minnesota v. United States* (1938), 305 U.S. 382, 386, 83 L. Ed. 235, 240, 59 S. Ct. 292, 294.) In cases dealing with sovereign immunity, however, the term "suit" has been used to include only proceedings in which the United States is a named party or in proceedings in which the essential purpose is to attach liability against the United States. See *Minnesota v. United States* (1938), 305 U.S. 382, 83 L. Ed. 235, 59 S. Ct. 292 (condemnation proceeding against Indian land, title of which is held by the United States as trustee, is a "suit"); *United States v. Shaw* (1940), 309 U.S. 495, 84 L. Ed. 888, 60 S. Ct. 659 (claim by decedent's estate against the United States, in probate court, for money damages on a contract settlement agreement is a "suit"); *FHA v. Burr* (1939), 309 U.S. 242, 84 L. Ed. 724, 60 S. Ct. 488 (garnishment proceeding against the Federal Housing Administration by a creditor is a "suit"); *Weston v. City Council* (1829), 27 U.S. (2 Pet.) 449, 7 L. Ed. 481 (imposition of a city tax on stock of the United States is prevented by the sovereign immunity of the United States).

In the present case, the U.S. Department of Labor, or its agent, OSHA, is not a party to the civil suit brought by Baumhardt; neither is it subject to the imposition of liability. No claim against money or property of the United States is sought. The United States is not threatened with the loss of property nor are its rights in property jeopardized by this action. Petitioner is merely ordered to divulge information in its possession and only to the extent permissible under existing privileges. Under the circumstances here, we do not find that a *subpoena duces tecum* constitutes a "suit." On the basis of such finding, and because only *suits* against the United States are generally prohibited under the doctrine of sovereign immunity, we conclude that that doctrine does not prevent the circuit court from asserting its jurisdiction

to enforce the *subpoena duces tecum.*

It is petitioner's contention that the supremacy clause of the United States Constitution, article VI, clause 2, preempts Illinois discovery under section 62 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 62) and Illinois Supreme Court Rule 214 (65 Ill. 2d R. 214). It claims that such preemption resulted from the congressional enactment of the Freedom of Information Act (FOIA) (5 U.S.C. sec. 552 (1976 & Supp. I 1977)), the housekeeping statute (5 U.S.C. sec. 301 (1976)), and the Occupational Safety and Health Act of 1970 (29 U.S.C. sec. 651 *et seq.* (1976)). Petitioner concludes that these acts prevent courts of Illinois from acquiring jurisdiction to compel disclosure of Federal records. This conclusion is based on the premise that these Federal enactments were intended to create exclusive methods of access, thereby rendering void all State statutes which attempt to force such disclosure of Federal records and information.

Petitioner's reliance on the housekeeping act is misplaced. In 1958, that act was amended to specifically deny the Federal government the right to withhold information from the public under such statute. *Cooney v. Sun Shipbuilding & Drydock Co.* (E.D. Pa. 1968), 288 F. Supp. 708, 713.

The claim that the FOIA provides an exclusive method of access to Federal information is without merit. That enactment does not expressly so provide, and petitioner cites no authority to that effect. To the contrary, the FOIA was intended to provide an additional method by which to seek information held by the Federal government.

Petitioner's contention is, in fact, directly refuted by the express language of OSHA's regulations.

"1906.3 Subpenas.

(a) Whenever an employee of the Administration is served with a subpena or is requested to testify, he shall immediately report the service or request to the ***

Solicitor *** [to] determine whether and to what extent the employee is required to comply ***.

1906.7 Disclosure of records.

\* \* \*

(b) If an employee of the Administration receives a subpena or request to produce records in court or before any other body, he shall refer it to the nearest office of the Solicitor. If the subpena or request specifies records available ***, counsel shall advise that the subpena or request be honored." (Occupational Safety and Health Administration—Administration Witnesses and Documents in Private Litigation, 29 C.F.R. secs. 1906.3(a), 1906.7(b) (1978).)

Because of OSHA's regulations, we conclude that Illinois discovery procedures were anticipated and that they may properly be used to obtain Federal records and information possessed by such agency.

For the reasons stated, the circuit court of Cook County had jurisdiction to enforce the *subpoena duces tecum* issued pursuant to Illinois discovery provisions.

The petitioner next contends that the records sought are protected from disclosure under the investigatory file privilege and informer's privilege recognized at common law. Petitioner argues that the premature disclosure of the records in issue would jeopardize the pending law-enforcement proceeding against Kenny-Paschen. Petitioner claims that employee informers could be subject to employer retaliation for their cooperation with the government if their names and statements were to be disclosed.

Petitioner concedes that the common law privileges asserted are codified in FOIA (5 U.S.C. secs. 552(b)(7)(A), (b)(7)(D) (1976).) (See *Cooney v. Sun Shipbuilding & Drydock Co.* (E.D. Pa. 1968), 288 F. Supp. 708, 712; *Pilar v. S.S. Hess Petrol* (D. Md. 1972), 55 F.R.D. 159, 162.)

"(b) This section does not apply to matters that are—

\* \* \*

(7) investigatory records compiled for law enforce-

ment purposes, but only to the extent that the production of such records would

    (A) interfere with enforcement proceedings, \*\*\*
            \* \* \*
    (D) disclose the identity of a confidential source \*\*\*."

5 U.S.C. secs. 552(b)(7)(A), (D) (1976).

These privileges, however, are qualified privileges based upon the competing interests of the parties and cannot be used as an absolute bar to government disclosure. (*NLRB v. Robbins Tire & Rubber Co.* (1978), 437 U.S. 214, 236, 57 L. Ed. 2d 159, 174, 98 S. Ct. 2311, 2323-24; *Kerr v. United States District Court* (9th Cir. 1975), 511 F.2d 192, 198, *aff'd* (1976), 426 U.S. 394, 48 L. Ed. 2d 725, 96 S. Ct. 2119.) The bare assertion of a privilege by a government agency is insufficient to deny a party access to government records; rather, disputes as to privileged documents are to be resolved by the court. (*Bristol-Myers Co. v. FTC* (D.C. Cir. 1970), 424 F.2d 935, 938; *EEOC v. Los Alamos Constructors, Inc.* (D.N.M. 1974), 382 F. Supp. 1373, 1375.) The *in camera* inspection is the proper procedure for the resolution of disputes as to which documents are privileged. *Kerr v. United States District Court* (1976), 426 U.S. 394, 406, 48 L. Ed. 2d 725, 734, 96 S. Ct. 2119, 2125; *United States v. Nixon* (1974), 418 U.S. 683, 698, 699-700, 41 L. Ed. 2d 1039, 1058, 1059, 94 S. Ct. 3090, 3102-03, 3103; *Ghandi v. Police Department* (E.D. Mich. 1977), 74 F.R.D. 115, 125; *Ollestad v. Kelley* (9th Cir. 1978), 573 F.2d 1109, 1110.

We agree with petitioner that the records sought are subject to an investigatory file privilege and an informer's privilege. The United States Supreme Court in *NLRB v. Robbins Tire & Rubber Co.* (1978), 437 U.S. 214, 57 L. Ed. 2d 159, 98 S. Ct. 2311, found that the National Labor Relations Board was not required to disclose statements of witnesses when there was an unfair-labor-practice proceeding pending, since such disclosure would interfere with enforcement proceedings. (*NLRB v. Robbins Tire*

& *Rubber Co.* (1978), 437 U.S. 214, 236, 57 L. Ed. 2d 159, 175, 98 S. Ct. 2311, 2324.) This privilege also extends to any conclusions which were based upon such privileged information. (*Machin v. Zuckert* (D.C. Cir. 1963), 316 F.2d 336, 339.) However, those portions of the investigatory file which consist of factual reports resulting from agency observation and investigation which will not interfere with enforcement proceedings may be ordered disclosed. (*Cooney v. Sun Shipbuilding & Drydock Co.* (E.D. Pa. 1968), 288 F. Supp. 708, 716.) Accordingly, in the present case, statements of witnesses and conclusions of the .Department based upon those statements may be withheld as privileged, as may any other document or portion thereof adjudged to be privileged.

The writs of *mandamus* and prohibition are extraordinary remedies and, under normal circumstances, are not the proper vehicles for the regulation of discovery. (See *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 191-92.) We, therefore, deny petitioner's request for a writ of *mandamus* and writ of prohibition.

We feel, however, that it is fitting, in this instance, to exercise our supervisory power. On this court's motion, the respondent is directed to reexamine the OSHA file, to determine which items or portions thereof are not protected by privilege, and to enter an appropriate order upon petitioner to produce for Baumhardt's use those documents which are not privileged.

*Writs denied; supervisory order entered.*