(No. 54765.-

THE PEOPLE *ex rel.* THE JUDICIAL INQUIRY BOARD *et al.*, Petitioners, v. THE COURTS COMMISSION *et al.*, Respondents.

*Opinion filed April 16, 1982.—Rehearing denied May 27, 1982.*

RYAN, C.J., took no part.

Michael L. Shakman and Arthur W. Friedman, of Krupp & Miller, and Pierce, Lydon, Griffin & Montana, all of Chicago, for petitioners.

Tyrone C. Fahner, Attorney General, of Springfield (Jon E. Tweedt, Assistant Attorney General, of counsel), for respondents.

William J. Harte, Ltd., of Chicago, and Edwin T. Powers, Jr., of Rockford, for intervenor John W. Nielsen.

JUSTICE CLARK delivered the opinion of the court:

The Judicial Inquiry Board and its chairman filed a complaint with the Illinois Courts Commission charging Judge John W. Nielsen with various violations of Supreme Court Rule 61 (73 Ill. 2d R. 61). The Commission dismissed the complaint (*In re* Nielsen (Dec. 29, 1980), No. 80—CC—1) and subsequently denied the Board's motion for reconsideration. We granted the Board's motion for leave to file a petition for a writ of *mandamus*. Judge Nielsen was allowed to join in the action as an intervenor.

The background of this action is as follows. The Board's complaint before the Commission alleged that Judge Nielsen had improperly deprived three *pro se* defendants, each of whom had been charged with a traffic offense, of their statutory right to a jury trial. He ordered them to sign jury waivers, to which at least one defendant objected.

The Courts Commission determined that Judge Nielsen erred in depriving the defendants of a jury trial. However, it concluded that the imposition of discipline was not required under Supreme Court Rule 62, and dismissed the complaint. Rule 62 provides:

> "A judge who violates the Standards of Judicial Conduct may be subject to discipline by the Courts Commission. The Standards, due to their general terms, may be inadvertently violated on occasion by a judge and such

conduct may be too insignificant to call for official action."
73 Ill. 2d R. 62.

In its order dismissing the complaint against Judge Nielsen, the Commission determined that discipline was not warranted because "there [had] been no showing of a general attitude of arbitrariness on the part of the [judge] in the performance of his judicial duties or in the exercise of his authority," and that "[t]he Board [had] not proved by clear and convincing evidence that the [judge's] conduct [constituted] such a gross abuse of the Standards of Judicial Conduct as to require the imposition of discipline." Previous decisions of the Commission have consistently construed Rule 62 to mean that "a single serious *** violation of the standards by a judge is sufficient to support the imposition of discipline ***. Absent a serious violation, the judge must demonstrate a pattern of arbitrary conduct in his office or a pattern of conduct hostile to the Standards of Judicial Conduct, as set out in Supreme Court Rule 61, to warrant the imposition of discipline." (*In re* Alfano (July 8, 1981), No. 80—CC—3, slip op. at 17, citing *In re Campbell* (1980), 1 Ill. Cts. Com. 164, 171, and *In re Knowlton* (1979), 1 Ill. Cts. Com. 131, 135.) It is clear from the above that the Commission has, in the past, interpreted the rules of judicial conduct, and that the decision in *In re* Nielsen is consistent with the Commission's previous practice.

Nevertheless, the Board asserts that the Commission's decision dismissing the complaint against Judge Nielsen exceeded its constitutional authority. Citing *People ex rel. Harrod v. Illinois Courts Com.* (1977), 69 Ill. 2d 445, the Board contends that the Commission has no authority to interpret the supreme court rules of judicial conduct. The gist of its argument is that the Commission's decision in *In re* Nielsen misinterpreted Rule 62. The Board urges that a writ of *mandamus* issue to compel the Commission to vacate its order, on the ground that the Commission

exceeded its jurisdiction and its order was therefore void.

In *Harrod,* this court considered the Commission's authority to interpret an Illinois statute. The court held that the Commission's constitutional authority did not extend to making "its own independent interpretation and construction" of a statute, and that insofar as the Commission purported to do so it exceeded its authority. A decision of the Commission based on such an independent interpretation was beyond its jurisdiction, and *mandamus* was found appropriate to compel the Commission to vacate its void decision and order. 69 Ill. 2d 445, 473-74.

On the basis of *Harrod's* holding that the Commission lacks authority to make an independent interpretation of a statute, the Board argues that the Commission likewise lacks authority to interpret a supreme court rule. We disagree. The Courts Commission is the body with the constitutional responsibility for applying the Rules of Judicial Conduct to particular cases. We conclude that its constitutional authority to hear and determine disciplinary cases necessarily includes the power to interpret the rules it applies in deciding cases before it.

The Courts Commission is the adjudicatory arm of the system of judicial discipline established by article VI, section 15, of our constitution. (Ill. Const. 1970, art. VI, sec. 15.) Section 15(e) vests the Commission with the authority to hear and determine complaints filed against judges by the Judicial Inquiry Board, which is the investigative and charging arm of the disciplinary system; and with the authority to impose sanctions for "willful misconduct in office, persistent failure to perform [their] duties, or other conduct that is prejudicial to the administration of justice or that brings the judicial office into disrepute." (Ill. Const. 1970, art. VI, sec. 15(e).) The report of the Committee on Judiciary of the 1970 constitutional convention concerning section 15 states:

"The Courts Commission will hear and determine the charges and either dismiss them or impose a sanction of suspension without pay or removal or censure for cause, or, in cases of disability, suspension with or without pay, or removal or retirement. The investigative, charging and prosecuting functions are lodged in the Inquiry Board, but the adjudicatory function is separately vested in the Courts Commission." (6 Record of Proceedings, Sixth Illinois Constitutional Convention 866-67 (hereinafter cited as Proceedings).)

Section 15(f) of article VI provides that the decisions of the Commission shall be final.

In deciding disciplinary cases before it, the Commission is not free to apply whatever law it pleases. Responsibility for promulgating standards of judicial conduct is vested by the Constitution in this court. (Ill. Const. 1970, art. VI, sec. 13(a).) In another branch of the opinion, *Harrod* held that the rules of judicial conduct promulgated by this court are the sole basis for a complaint before the Commission and consequently for the imposition of discipline. (*People ex rel. Harrod v. Illinois Courts Com.* (1977), 69 Ill. 2d 445, 470.) It is thus established that the law which the Commission is to apply in deciding disciplinary cases is the supreme court rules.

The issue, then, is whether the Courts Commission, in the exercise of its duty to apply the rules of judicial conduct to the case before it, has the authority to interpret or construe the rules. We conclude that it does. The Commission's function is adjudicative, and interpretation of the legal rule the tribunal is applying is an inherent and inescapable part of the adjudicative process. "To interpret" means "[t]o construe; to seek out the meaning of language" (Black's Law Dictionary 953 (5th ed. 1979)) and "to explain or tell the meaning of; to translate into intelligible or familiar language or terms" (Webster's Third New International Dictionary 1182 (3d ed. 1971)). The trial court, which, like the Commission, decides cases by

finding the facts and applying the law to them, must first read the relevant statute and appellate cases and *based on its understanding of them* determine what, on the facts before it, the law requires. In carrying out its constitutional responsibility to decide disciplinary cases, the Courts Commission must determine, based on its understanding of the rules, whether the standards of conduct have been violated and whether, under the circumstances, discipline should be imposed. We hold that it was within the Commission's constitutional authority to interpret Rule 62.

This conclusion is not inconsistent with *Harrod's* holding that the Commission does not have authority to make an independent interpretation of a statute which has been given a different interpretation by a court. Since the Commission is the tribunal with final responsibility for applying the rules of judicial conduct to disciplinary cases, there is no possibility that its interpretation of a rule will be at odds with an interpretation by a court. Thus the possibility referred to in *Harrod* of conflicting interpretations creating a dilemma for trial and appellate judges does not arise. *People ex rel. Harrod v. Illinois Courts Com.* (1977), 69 Ill. 2d 445, 473.

In asking this court to hold that the Commission has misinterpreted Rule 62, the Board is actually asking that we review the correctness of the Commission's application of the rule in a particular decision. This we cannot do. The Constitution mandates that the Commission's decisions shall be final. The finality of the Commission's decisions is an important part of a constitutional arrangement designed to create an independent and autonomous system of judicial discipline that would be both effective and fair. (6 Proceedings 872-73.) We note that even before the Constitution of 1970 elevated the finality of the Commission's decisions to a constitutional principle, this court refused to hear appeals from its decisions. *In re Napolitano*

(1970), 1 Ill. Cts. Com. 9, *purported appeal dismissed* (Sept. 23, 1970), No. 43508.

The Board characterizes the Commission's application of Rule 62 as "creating a new standard of conduct for judges" and as "promulgating requirements in addition to the Supreme Court's Rules of Conduct," in excess of the Commission's authority. We regard this as an attempt to circumvent the rule of finality. We point out that this court is not without power to affect the decisions of the Commission and its interpretation of our rules, but according to the constitutional arrangement we do so not by reviewing the Commission's decisions, but by amending the rules which it applies.

In response to the Inquiry Board's petition for *mandamus* the Courts Commission filed a motion to dismiss on the grounds that the Board lacked authority to institute a *mandamus* proceeding, and that only the Attorney General was authorized to maintain this action. We have concluded that, since review of the Commission's decision in this case is precluded by article VI, section 15(f), leave to file the petition for *mandamus* was improvidently granted. Because we dispose of the case on this basis, it is unnecessary to decide the issues raised by the Commission's motion to dismiss.

*Writ denied.*

CHIEF JUSTICE RYAN took no part in the consideration or decision of this case.