Virgil A. BOATRIGHT, as Conservator of the Estate of Ronald Dean Aylesworth, Jr., a Minor, et al., Plaintiffs,

v.

RADIATION STERILIZERS, INC., Defendant and Third-Party Plaintiff,

v.

CENTRIC CORPORATION, Defendant.

Civ. A. No. 84–K–780.

United States District Court, D. Colorado.

Sept. 26, 1984.

Thomas M. Vockrodt, and James C. Henry, Henry & Henry, Golden, Colo., for plaintiffs.

R. Eric Peterson and Marla L. Maerz, White & Steele, P.C., Denver, Colo., for Radiation Sterilizers.

Mark A. Sisun and Tracey M. Porter, Barrows & Sisun, P.C., Denver, Colo., for Centric Corp.

Robert N. Miller, U.S. Atty. and John R. Barksdale, Asst. U.S. Atty., Denver, Colo., for Felix Poletto, Health Officer for OSHA, deponent in this matter.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This matter is before me for the determination of plaintiff's motion for remand of the removal petition.

A petition for removal was filed by Felix Poletto, a compliance officer with the Occupational Safety and Health Administration ("OSHA"), U.S. Department of Labor, Denver. The petition was granted. On April 17, 1984, I remanded, to the state court, all issues and jurisdiction over this case except for the question whether Mr. Polleto may properly be held in contempt for failing and refusing to give testimony and produce records as ordered by Judge Daniel J. Shannon of The Jefferson County District Court.

The question is whether Mr. Poletto has the power to release the records sought by the subpoena duces tecum issued

by Judge Shannon. Under the specific circumstances of this case, Mr. Poletto does not have that power without the approval of a Deputy Solicitor of the Department of Labor ("DOL").

Mr. Poletto's motion to set aside the contempt citation issued by the state court judge is based on the requirements of 29 C.F.R. § 2.22 (1983), promulgated by the DOL. Section 2.22 provides:

... No employee or former employee of the Department of Labor shall, in response to a demand of a court or other authority, produce any material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of his official duties, or because of his official status without approval of the appropriate Deputy Solicitor of Labor.

The DOL promulgated this regulation in 1981 to establish a uniform policy within the DOL for responding to the growing numbers of subpoenas being served on DOL employees. *See* 46 Fed.Reg. 49542 (October 6, 1981). Section 2.22 is similar to other "housekeeping" regulations promulgated under the authority of 5 U.S.C. § 301 (1980), by other federal agencies and departments.

The Supreme Court has given effect to similar regulations promulgated by the Secretary of the Treasury, *Boske v. Comingore,* 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846 (1900), and the United States Attorney General, *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951). In *Touhy,* the Supreme Court decided that the Attorney General could validly withdraw from his subordinates the power to release department papers, and that the official could properly refuse to produce those papers pursuant to a subpoena duces tecum, *Touhy* at 467–68, 71 S.Ct. at 418–19.

These housekeeping regulations don't, of themselves, create an exemption to the disclosure requirements of the Freedom of Information Act ("FOIA"). Likewise, the FOIA does not alter the long established rule that a government official could withdraw from his subordinates the power to release public documents. This apparent "Catch-22" is addressed by the appeal provisions of the FOIA.

I conclude that absent the approval of a Deputy Solicitor of the DOL, Mr. Poletto does not have the power to release the records sought by the subpoena duces tecum issued by the state court. Section 2.22 of the DOL regulations has the force and effect of law. Mr. Poletto can neither be compelled to disobey a direct order from the Deputy Solicitor, Henry C. Mahlman, nor be punished for his adherence to the mandate of section 2.22 of the DOL regulations. *See Marcoux v. Mid-States Livestock,* 66 F.R.D. 573, 579 (W.D.Mo.1975).

 The purpose of § 1442(a) of the removal statute of Title 28 of the U.S.Code is to take from the state courts the indefeasible power to hold an officer or agent of the United States criminally or civilly liable for an act allegedly performed in the execution of any of the powers or responsibilities of the federal sovereign.

Judge Shannon's order cites *Marshall v. Elward,* 78 Ill.2d 366, 35 Ill.Dec. 801, 399 N.E.2d 1329 (1980) as precedent for his action. The case at bar presents two factual distinctions to *Marshall:* 1) Judge Shannon's contempt citation issues against a non-supervisory employee, whereas in *Marshall* an acting area director of OSHA was subpoenaed; and more importantly 2) the *Marshall* court considered its matter before the October 6, 1981 adoption of 29 C.F.R. § 2.22.

The federal petitioner's motion to set aside the contempt citation is granted. This action is remanded to the District Court in and for the County of Jefferson, State of Colorado, for further proceedings.

This case is ordered dismissed.