**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2011[*]
Decided October 25, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-1267

| | |
|---|---|
| JOSE ANTONIO COSSIO, JR., | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 C 7232 |
| DENISSE CASTRO, et al., | |
| *Defendants-Appellees.* | Charles R. Norgle, *Judge*. |

**O R D E R**

Jose Cossio appeals the dismissal of his suit under 42 U.S.C. § 1983 alleging a host of civil rights violations in connection with a state criminal prosecution against him. He sued the City of Chicago, the Superintendent of the Chicago Police Department, the Cook County State's Attorney, an Assistant State's Attorney, a complaining witness, and numerous state court judges. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Therefore the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

This case dates back to 2008, when Cossio was a classmate of Denisse Castro at DeVry University in Chicago. After hearing that Castro was disparaging him to other classmates, Cossio hacked into Castro's personal email accounts and created a replica of her MySpace account to investigate what she was saying. He continued to contact Castro, even after a Chicago police officer advised him to stop. After a bench trial in the Circuit Court of Cook County, Cossio was found guilty of "harassment through electronic communications," a Class B misdemeanor offense of the Illinois Harassing and Obscene Communications Act, *see* 720 ILCS 135/1-2(a)(2), and sentenced to two years of supervision. The Illinois Appellate Court affirmed the judgment.

Cossio then brought this § 1983 action, alleging that Castro conspired with a Chicago police officer to file electronic harassment criminal charges against him, with the intent to restrict his free speech rights. He also alleged that Castro knew the charges were false, yet she still conspired with state's attorneys to maliciously prosecute him in state court. Cossio further alleged that the Chicago Police Department violated his First Amendment right to petition the government for redress of grievances when it refused to accept his criminal complaint against the state trial judge who presided over his prosecution. He also claimed that the Chicago Police Department and its Superintendent violated his Fourth Amendment right to be free from false arrest. Finally, Cossio alleged that the presiding state judge violated his right to due process by not informing him that he could appeal the judgment and by denying his motion for reconsideration.

In separate minute orders issued on the same day, the district court dismissed all defendants with prejudice. Regarding Cossio's false-arrest claim against the City of Chicago and the police superintendent, the court explained that Cossio could not make out such a claim. The court noted Cossio's admissions in his complaint that he had harassed, stalked, and threatened Castro, and stated that there was "no question" that there was probable cause to arrest. The court also found that Cossio could not make out a plausible claim that the City prevented him from filing a criminal complaint against the state trial judge; according to the court, a private citizen has no constitutional right to have another person arrested and criminally prosecuted. Regarding Cossio's claim against Castro for malicious prosecution and abuse of process, the court found that he failed to plausibly allege that Castro acted in agreement with Chicago police officers or other government agents to deprive him of some constitutional right; Cossio's allegations, the court concluded, "do not come close to making out" a plausible § 1983 claim against Castro. At Cossio's request, the court also dismissed the presiding state judge and the state's attorneys with prejudice. Finally, the court granted Castro leave to file a bill of costs against Cossio, *see* 42 U.S.C. § 1988(b), and eventually awarded her $2,544.50 in attorney's fees.

On appeal Cossio first argues that the district court misconstrued the nature of the claim against the Chicago Police Department. Cossio says that the Department violated his right to petition the government for redress of grievances—not by refusing to arrest or prosecute the state trial judge, but by refusing to accept his criminal complaint against the judge. But the right to petition for redress of grievances "is merely a right to petition the appropriate government entity," *Hilton v. Wheeling*, 209 F.3d 1005, 1007 (7th Cir. 2000), and here the appropriate entity to receive, investigate, and rule on complaints against Illinois judges is the Judicial Inquiry Board, as established by the Illinois Constitution. Ill. Const. art. 6, § 15(b)–(c), (e); *see Pincham v. Illinois Judicial Inquiry Bd.*, 872 F.2d 1341, 1343–44 (7th Cir. 1989); *People ex rel. the Judicial Inquiry Board v. the Courts Commission*, 435 N.E.2d 486, 488 (Ill. 1982). The Chicago police explained as much when they responded in writing to Cossio regarding his complaint about the state trial judge. The district court properly dismissed this claim.

Cossio also contends that the district court abused its discretion in awarding attorneys' fees to Castro. Cossio argues that the court failed to substantiate its award with findings that his claims were "frivolous, unreasonable, or groundless," *see Roger Whitmore's Auto. Servs, Inc. v. Lake County, Illinois*, 424 F.3d 659, 675 (7th Cir. 2005) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978), and *Hughes v. Rowe*, 449 U.S. 5, 15 (1980)), a requirement which, the Supreme Court has instructed, applies with special force in actions filed by pro se litigants. *See Hughes*, 449 U.S. at 15. The district court may not have used these precise terms in pronouncing judgment, but it did express its impatience with the insufficiency of Cossio's claims, noting for example in regard to the false arrest claim that there was "no question that there was probable cause to arrest" and that his allegations against Castro "do not come close to making out a plausible claim . . . for relief under § 1983." The court added that Cossio himself alleged that "he engaged in a pattern of threats and harassment towards Castro that eventually prompted her to go to the police for protection." From these comments, it is apparent that the court regarded Cossio's claims as baseless, and as such the court did not abuse its discretion in awarding attorney's fees to Castro.

AFFIRMED.