# Illinois Official Reports

## Appellate Court

---

### *Airy's Inc. v. Hill*, 2021 IL App (3d) 200193

---

| | |
|---|---|
| Appellate Court Caption | AIRY'S INC., an Illinois Corporation, Plaintiff-Appellant, v. MARVIN HILL; CATAWBA LEASING, INC., an Illinois Corporation; and HILL COMPANY, an Illinois General Partnership, Defendants-Appellees.–MARVIN HILL and AIRY'S INC., an Illinois Corporation, Through Marvin Hill, a Minority Shareholder, Plaintiffs-Appellees, v. RYAN HILL; AIRY'S INFRASTRUCTURE, INC.; and AIRY'S PROPERTY, LLC, Defendants-Appellants. |
| District & No. | Third District<br>No. 3-20-0193 |
| Filed | September 22, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Will County, Nos. 19-MR-707, 19-CH-865; the Hon. John C. Anderson, Judge, presiding. |
| Judgment | Certified questions answered; discovery order vacated; cause remanded with directions. |
| Counsel on Appeal | D. Cass Wennlund and Michael A. Pascarella, of Wennlund & Associates, of New Lenox, for appellants.<br><br>Jeff Tomczak, of Tomczak Law Group, and John E. Partelow, both of Joliet, and Michael D. Ettinger, Craig N. Ettinger, and Alexander A. Michael, of Michael D. Ettinger & Associates, P.C., of Palos Heights, for appellees. |

Panel JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Presiding Justice McDade and Justice O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1 This cause comes before the court as an interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (eff. Oct. 1, 2019). The circuit court of Will County certified two questions after it granted the motion to take limited discovery filed by Marvin Hill and denied the motion for an order of friendly contempt filed by counsel for Ryan Hill. The questions are as follows:

"1. When a motion to disqualify is filed, may the trial court authorize and compel discovery on issues limited to the disqualification motion?

2. If the first question is answered affirmatively, may the discovery be directed toward the attorney and/or firm that is the subject of the disqualification motion, so long as the information sought is not privileged?"

¶ 2                                    I. BACKGROUND

¶ 3 In March 2019, through its majority shareholder Ryan Hill, Airy's Inc. filed a complaint against Catawba Leasing, Inc. (Catawba); Hill Company; and Marvin Hill. Marvin was a minority shareholder of Airy's Inc., the sole shareholder of Catawba, the general partner of Hill Company, and Ryan's father. The complaint alleged that Marvin improperly withdrew $243,325.75 from Airy's Inc. and transferred the money to accounts owned by Catawba and Hill Company. Marvin then filed a suit (both individually and as a minority shareholder of Airy's Inc.) against Ryan; Airy's Infrastructure, Inc. (Airy's Infrastructure); and Airy's Property, LLC (Airy's Property). This complaint alleged that Ryan fraudulently convinced Marvin to sign over some of his shares of Airy's Inc. so that Ryan could be the majority shareholder when Marvin's health began to deteriorate. Ryan told Marvin that Airy's Inc. would receive preferential treatment from the Illinois American Water Company if Ryan was the majority shareholder because of Ryan's military service. The complaint also alleged that Ryan created Airy's Infrastructure and Airy's Property, had been diverting Airy's Inc. customers and funds to these two corporations, and sought to "undermin[e] and destroy[ ]" Airy's Inc. The two cases were consolidated.

¶ 4 On July 11, 2019, Marvin filed a motion to disqualify attorney D. Cass Wennlund and the firm of Wennlund and Associates from representing Ryan and Airy's Inc., as Wennlund had previously represented Marvin in a real estate matter in 2005. Marvin also sought to enjoin Ryan's use of Airy's Inc. funds to pay for the litigation. The court denied Marvin's motion to disqualify on September 23, 2019. It also denied the motion to enjoin the use of corporate funds, noting that "Airy's should not be paying Ryan's personal legal bills, and to the extent these cases largely involve a struggle for control of Airy's between Marvin and Ryan, the dispute is predominately personal in nature." However, the court stated that, if Ryan improperly used Airy's Inc. assets to pay his legal bills, there would be other remedies, including, *inter alia*, potential claims for breach of fiduciary duty, fraud, and/or conversion, such that an injunction was not necessary.

¶ 5    On September 27, 2019, Marvin filed a motion for leave to conduct limited discovery relating to "(a) the scope of the representation of counsel for Ryan Hill, and (b) the source of funds paid to counsel for Ryan Hill." Specifically, Marvin sought to issue written discovery requests and take the depositions of Ryan and Ryan's counsel. On January 24, 2020, the court granted the motion for limited discovery relating to the disqualification, stating,

> "Parties may take limited-scope discovery relating only to (a) the scope of the alleged prior representation by Cass Wennlund and his firm; and (b) the amount and source of funds used to pay Mr. Wennlund and his firm. Discovery may be issued to Mr. Wennlund, members of his firm, litigants, and any other relevant person/entity with knowledge."

Wennlund filed a motion for an order of friendly contempt to appeal the order permitting the discovery. The court denied the motion for an order of friendly contempt on April 27, 2020, but certified the above-mentioned questions. This court allowed the interlocutory appeal.

¶ 6                                   II. ANALYSIS

¶ 7    Rule 308 allows for the permissive interlocutory appeal of an order involving "a question of law as to which there is substantial ground for difference of opinion" where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Ill. S. Ct. R. 308(a) (eff. Oct. 1, 2019). We review these certified questions *de novo*. *Bowman v. Ottney*, 2015 IL 119000, ¶ 8. Our examination on appeal is generally limited to considering the certified questions, rather than analyzing the propriety of the underlying order. *De Bouse v. Bayer AG*, 235 Ill. 2d 544, 550 (2009). However, once we have answered the certified questions, we may consider the propriety of the order where the interest of judicial economy and the need to reach an equitable result so requires. *Id.*

¶ 8    The first question before us is, "When a motion to disqualify is filed, may the trial court authorize and compel discovery on issues limited to the disqualification motion?" Discovery in civil actions is governed by Illinois Supreme Court Rules 201 through 224. Rule 201(b) sets forth the scope of discovery. Ill. S. Ct. R. 201(b) (eff. July 1, 2014). "[A] party may obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking disclosure or of any other party ***." Ill. S. Ct. R. 201(b)(1) (eff. July 1, 2014). While a circuit court has great latitude in ruling on discovery matters (*Chicago's Pizza, Inc. v. Chicago's Pizza Franchise Ltd. USA*, 384 Ill. App. 3d 849, 869 (2008)), " 'Rule 201(b)(1) is founded on the basic premise that the objective of discovery is the "expeditious and final determination of controversies in accordance with the substantive rights of the parties." [Citation.] Thus, discovery should only be utilized to "illuminate the *actual issues* in the case." [Citation.]' (Emphasis added.)" *Allen v. Peoria Park District*, 2012 IL App (3d) 110197, ¶ 10 (quoting *Owen v. Mann*, 105 Ill. 2d 525, 530 (1985)).

¶ 9    Based on the above, we answer the first certified question in the affirmative, with qualification. We find that a court may only authorize and compel discovery as it relates to a disqualification motion if such discovery is relevant to and necessary for resolution of the actual issues in the case. We note that, in allowing the limited discovery motion, the court cited *Milazzo v. Wolin & Rosen, Ltd.*, 2018 IL App (1st) 172300-U, ¶ 23, and stated that courts routinely allow these motions. While not precedential, as it is an unpublished order under Illinois Supreme Court Rule 23, *Milazzo* does not support the proposition that courts routinely

allow these motions but merely provides an example of an instance where limited discovery for a disqualification motion was related to the actual issues of the case. In *Milazzo*, the plaintiffs had multiple lawsuits pending against clients of the law firm of Wolin & Rosen, Ltd., as well as against Wolin & Rosen, Ltd., itself. *Id.* ¶ 2. The potential relationship between the plaintiffs and the law firm formed the basis of many of the claims in the complaint, as they related to fiduciary duty and the existence of an attorney-client relationship.

¶ 10    Having determined that, in some instances, a court may authorize and compel discovery as it relates to a disqualification motion, we turn to the second question of whether such discovery may "be directed toward the attorney and/or firm that is the subject of the disqualification motion, so long as the information sought is not privileged."

¶ 11    We find *In re Marriage of Baumgartner*, 384 Ill. App. 3d 39 (2008), particularly applicable. In *Baumgartner*, the former wife, Susan, issued subpoenas for deposition and document production to the counsel of her former husband, Craig. *Id.* at 43. Craig moved to quash the subpoenas and for sanctions, which the court granted. *Id.* at 43-44. Susan appealed, arguing, *inter alia*, that the court abused its discretion when it sanctioned her for subpoenaing Craig's counsel. *Id.* at 64. The First District of our appellate court adopted a rule set forth in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), which allowed depositions of opposing counsel only " 'where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel [citation]; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.' " *Baumgartner*, 384 Ill. App. 3d at 65 (quoting *Shelton*, 805 F.2d at 1327). In doing so the *Baumgartner* court quoted the following from *Shelton*:

> "Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. *** Finally, the practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the 'chilling effect' that such practice will have on the truthful communications from the client to the attorney is obvious.
>
> * * *
>
> *** The harassing practice of deposing opposing counsel (unless that counsel's testimony is crucial and unique) appears to be an adversary trial tactic that does nothing for the administration of justice but rather prolongs and increases the cost of litigation, demeans the profession, and constitutes an abuse of the discovery process." (Internal quotation marks omitted.) *Id.*

See also *Kilpatrick v. First Church of the Nazarene*, 182 Ill. App. 3d 461, 470 (1989).

¶ 12    We adopt the three-part test as set forth in *Shelton* and adopted by *Baumgartner*. Therefore, we answer the second certified question in the affirmative, with qualifications. A party may only issue the above-mentioned discovery request upon a party's counsel, if (1) the only way to obtain such information is through opposing counsel, (2) the information sought is not privileged and is relevant to the case, and (3) the information is crucial to the preparation of the case.

¶ 13    Though we may consider the propriety of the underlying order where the interests of justice require and for judicial economy, we will not do so here. As Marvin points out in his brief, the

case has continued in the circuit court after the court entered its order for additional discovery and facts may have come to light that would have informed the court's discovery order. Therefore, we vacate the court's discovery order and remand for the court to reconsider the order consistent with this opinion. In doing so, the court should only authorize and compel discovery as it relates to a disqualification motion if such discovery is relevant to and necessary for resolution of the actual issues in the case. If the court so finds, then such an order may only be provided to Ryan's counsel if (1) the sole way of obtaining such information is through Ryan's counsel, (2) the information sought is not privileged and is relevant, and (3) the information is crucial to the preparation of the case.

¶ 14                                III. CONCLUSION

¶ 15        We answer both questions in the affirmative, with qualification. Therefore, we vacate the court's limited discovery order and remand for the circuit court to reconsider the motion as set forth in this opinion.

¶ 16        Certified questions answered; discovery order vacated; cause remanded with directions.