(No. 61009.—

RONALD BAKER, Plaintiff, v. THE DEPARTMENT OF CORRECTIONS *et al.*, Defendants.

*Opinion filed April 19, 1985.*

James J. Doherty, Public Defender, of Chicago (Aaron L. Meyers, Assistant Public Defender, of counsel), for plaintiff.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Joan S. Cherry and Kevin M. Sheehan, Assistant State's Attorneys, of counsel), for defendants.

JUSTICE MORAN delivered the opinion of the court:

This original action is brought by plaintiff, Ronald Baker, pursuant to our Rule 381 (87 Ill. 2d R. 381). The plaintiff is presently incarcerated at the Centralia Correctional Center. He seeks writs of *mandamus, habeas corpus* or, alternatively, a supervisory order to compel Arthur Cieslik, judge of the circuit court of Cook County, to credit him with the full amount of meritorious-service credits that he was awarded prior to July 13, 1983. Plaintiff also requests this court to direct Michael P. Lane, Director of the Department of Corrections, and Howard Peters, warden of the Centralia Correctional Center, to acknowledge the meritorious-service credits which were previously awarded. He contends that, if these acts are done, he will be entitled to immediate release.

The following sequence of relevant facts are not disputed by the parties. On June 10, 1981, the plaintiff was convicted of robbery and sentenced to six years in prison. This conviction was reversed by the appellate court on December 6, 1982, and the cause was remanded for a new trial. (110 Ill. App. 3d 1015.) On January 5, 1983, the State's petition for rehearing was denied. Thereafter, the State filed a petition for leave to appeal with this court (87 Ill. 2d R. 315(a)), and the mandate of the appellate court was stayed during the pendency of

the State's petition.

In the meantime, on February 23, 1983, plaintiff was released from the Centralia Correctional Center as a result of both accumulated day-for-day good-conduct credits (Ill. Rev. Stat. 1983, ch. 38, par. 1003—6—3(a)(2)) and meritorious-service credits earned (Ill. Rev. Stat. 1983, ch. 38, par. 1003—6—3(a)(3)). These credits are expressly authorized by the legislature to provide for the early release of prisoners based on good conduct. Pursuant to section 3—6—3(a)(2), an inmate is to receive one day of good-conduct credit for each day of confinement in prison for all felonies, other than where a sentence of natural life has been imposed. Each day of good conduct reduces by one day the period of incarceration set by the court. In addition, under section 3—6—3(a)(3), the Director may also award credit for meritorious service in specific instances. It is alleged in the complaint and supporting documents that plaintiff had accumulated 671 days of day-for-day good-conduct credits and had been credited with 465 days for meritorious service.

Following plaintiff's release, this court denied the State's petition for leave to appeal. Accordingly, on May 6, 1983, the mandate of the appellate court, remanding the cause for a new trial, was entered.

In the interim, between remandment and retrial, our decision in *Lane v. Sklodowski* (1983), 97 Ill. 2d 311, was announced. In *Lane*, the court held that awards for meritorious service under section 3—6—3(a)(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1003—6—3(a)(3)) could not exceed a total of 90 days. (97 Ill. 2d 311, 320.) It was also decided that this holding should be given prospective application. As such, credits that the Director awarded prior to July 13, 1983, were to be honored. 97 Ill. 2d 311, 320.

The plaintiff was subsequently retried and again convicted of robbery. On June 13, 1984, Judge Cieslik sen-

tenced him to a term of seven years for this offense. The increased sentence was attributable to the fact that following plaintiff's initial conviction he was convicted of another offense. (See Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—4.) The court further ordered that plaintiff was to receive credit for 671 days of "statutory good time" and 90 days of "compensatory good time" accumulated during the serving of his initial sentence. Although the court mistakenly designated the 90 days as "compensatory good time," the record clearly demonstrates that the court was referring to a portion of the meritorious-service credits plaintiff had previously been awarded.

On June 27, 1984, plaintiff filed a timely notice of appeal from this second conviction. This appeal is still pending in the appellate court, although plaintiff, at this time, has yet to file his brief.

By letter dated June 29, 1984, the Department of Correction's legal counsel informed Judge Cieslik that compensatory good time had been abolished prior to the commission of plaintiff's original offense. Thus, contrary to the mittimus which issued, plaintiff was not eligible to receive nor did he receive any compensatory good time during the service of his initial sentence. Accordingly, the Department recommended that the court issue an amended mittimus deleting the order crediting plaintiff with 90 days compensatory good time. This corrected mittimus, backdated to June 13, 1984, was issued. According to its terms, plaintiff would serve: "Seven (7) years, with 671 days credit to be applied to sentence."

The record further reveals that on September 21, 1984, the Department of Corrections once again requested clarification regarding the court's order of commitment. In a letter addressed to the assistant State's Attorney of record, the Department requested that the mittimus be amended to reflect the 90 days' credit as meritorious good time. The Department also requested

that the amended mittimus reflect Judge Cieslik's specific intent to deny plaintiff all meritorious good time in excess of 90 days.

Thereafter, on September 26, 1984, Judge Cieslik corrected the mittimus to reflect the 90 days' credit for meritorious service, as well as the 671 days' credit discussed above. The amended mittimus further provided: "meritorious good time in excess of the 90 days which may previously have been awarded is specifically denied [and] shall not be credited towards this term of imprisonment."

On plaintiff's motion, the court held a hearing on October 25, 1984, to reconsider its order of commitment. At that time, counsel for plaintiff requested that the court reinstate the amount of meritorious-service credits which plaintiff had been awarded prior to July of 1983. The court declined to do so, however, on the basis that the 90-day ceiling on awards of meritorious good time, as announced in *Lane*, was to be given prospective effect. Since the plaintiff was retried, convicted, and resentenced after the *Lane* decision, the court believed that it had acted properly in limiting the amount of meritorious good time to 90 days.

The primary issue presented for our consideration is whether prospective application of *Lane* required the court, at the second sentencing hearing, to disallow plaintiff all previously earned meritorious-service credits in excess of 90 days. Before reaching this issue, however, we must first address the contention, raised by Judge Cieslik, that this is not an appropriate case for the exercise of original jurisdiction.

Judge Cieslik argues that extraordinary relief is proper only where none of the ordinary remedies are available or adequate. He contends that the appropriate remedy for plaintiff is a direct appeal challenging his sentence. As Judge Cieslik correctly notes, plaintiff has

initiated that remedy by filing a notice of appeal in the appellate court. Plaintiff, on the other hand, maintains that direct appeal is not adequate under the circumstances of this case. According to plaintiff, his sentence will be served and the cause rendered moot before a final decision can be handed down.

This court has stated many times that *mandamus* and *habeas corpus* are not permissible substitutes for direct appeal. (*Chicago & North Western Transportation Co. v. Matoesian* (1981), 85 Ill. 2d 404, 409 (*mandamus*); *Lara v. Schneider* (1979), 75 Ill. 2d 63, 64 (*mandamus*); *People ex rel. Kazubowski v. Ray* (1971), 48 Ill. 2d 413, 418 (*habeas corpus*).) It is also generally true that these writs raise questions concerning the jurisdiction of the trial court and may not be utilized to correct mere judicial error. (*People ex rel. Sears v. Romiti* (1971), 50 Ill. 2d 51, 54 (*mandamus*); *People ex rel. Adamowski v. Dougherty* (1960), 19 Ill. 2d 393, 400 (*mandamus*); *Hughes v. Kiley* (1977), 67 Ill. 2d 261, 267 (*habeas corpus*); *People v. Loftus* (1948), 400 Ill. 432, 434-35 (*habeas corpus*).) In the present case, Judge Cieslik, having presided over plaintiff's trial, clearly had jurisdiction to impose sentence. Additionally, we would note that the court retained jurisdiction, despite the filing of the notice of appeal, to correct nonsubstantial matters of inadvertence or mistake such as the amendment of the mittimus. (*Arnold v. Leahy Home Building Co.* (1981), 95 Ill. App. 3d 501, 512, 513; *Southland Corp. v. Village of Hoffman Estates* (1970), 130 Ill. App. 2d 311, 315-16.) Accordingly, Judge Cieslik's objections are well taken. Nevertheless, where the issuance of these writs is unwarranted, this court may, in an appropriate case, exercise its supervisory authority and grant the relief requested. (*Owen v. Mann* (1985), 105 Ill. 2d 525, 531; see, *e.g.*, *Balciunas v. Duff* (1983), 94 Ill. 2d 176, 189; *Marshall v. Elward* (1980), 78 Ill. 2d 366, 375.) After examination of

the record, we feel that it is fitting and proper in this case to exercise our supervisory powers over the trial court and consider the issue presented.

In *Lane,* this court determined the scope of the Director's authority to award meritorious good time under section 3—6—3(a)(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1003—6—3(a)(3)). As noted above, the court held that the Director lacked authority to grant more than a total of 90 days' credit for meritorious service. Yet, in so holding, the court acknowledged "the legitimate reliance interests that prisoners possess in their accumulated credits ***." (*Lane v. Sklodowski* (1983), 97 Ill. 2d 311, 319.) In recognition of that interest, the court found it advisable to apply our holding prospectively. As was specifically stated within the opinion itself, "credits that the Director awarded prior to July 13, 1983, *are to be honored.*" (Emphasis added.) 97 Ill. 2d 311, 320.

In the instant case, in addition to the 671 days of day-for-day good-conduct credit which has not been contested, the plaintiff was awarded 465 days for meritorious service. These meritorious-service credits were awarded prior to July of 1983. Nonetheless, the defendants maintain that, upon resentencing, those credits were properly limited to 90 days. They contend that, under our decision in *Lane,* meritorious credits in excess of 90 days were intended to be upheld in two specific instances: (1) where an inmate was released because of previously awarded credits; and (2) where an inmate who was incarcerated looked forward to early release based on such credits. The defendants suggest that the situation at bar falls into neither of the above categories because the plaintiff successfully appealed his initial conviction and received a new trial after the effective date of *Lane.*

Contrary to defendants' suggestion, however, it is not

the date of resentencing which controls for purposes of giving *Lane* prospective application. Rather, it is the date on which the credits were awarded. The credits at issue here were awarded prior to July of 1983. As such, by the clear language of our opinion, they are to be honored. In denying credits which were previously awarded the trial court was, in effect, applying *Lane* retroactively—a result expressly forbidden by this court.

While it is clear that plaintiff is entitled to all meritorious-service credits awarded during the service of his initial sentence, we are unable to determine, from the record presented, the exact number of credits plaintiff received prior to his release. The parties agree that plaintiff was awarded 465 days of meritorious-service credits prior to July 13, 1983. This figure is substantiated in the record by a document from the Department of Corrections. However, 135 days of that credit appear to have been awarded between February 23, 1983, the date on which plaintiff was supposedly released, and February 25, 1983. Although none of the parties question the date of release, it should be noted that under the statute the Director has authority to grant meritorious good time only to those persons *committed* to the Department of Corrections. (Emphasis added.) Ill. Rev. Stat. 1983, ch. 38, pars. 1003—6—3(a)(1), (3).

In addition to the discrepancy noted above, we are unable to ascertain how the trial court computed the amount of statutory day-for-day good-conduct credit which was applied to plaintiff's sentence. Further, the record does not establish the exact number of days plaintiff actually spent confined. As a result of the foregoing, we cannot determine if plaintiff is entitled to immediate release as he contends.

Therefore, in the exercise of our supervisory authority and for the reasons stated above, we direct Judge Cieslik to vacate the last amended mittimus, determine

plaintiff's correct release date, and enter a new order of commitment in keeping with the views expressed herein.

Defendants Lane and Peters have argued that the Department of Corrections and its employees are required to honor and carry out sentences ordered by the courts of this State. Consequently, although this court's supervisory authority only extends over the courts (Ill. Const. 1970, art. VI, sec. 16), we have no reason to doubt that the Department of Corrections will promptly comply with Judge Cieslik's order.

*Writs denied; supervisory order entered.*

JUSTICE RYAN, dissenting:

I would deny Ronald Baker's prayer for relief in this original action. The majority opinion notes that Judge Cieslik, in his response, contends that the appropriate remedy for Baker should have been by way of direct appeal challenging the sentence. I agree.

Baker did file a notice of appeal from the trial court's judgment. This appeal is now pending in the appellate court, as noted in the majority opinion. This court now orders Judge Cieslik to vacate the amended mittimus, determine the correct release date, and enter a new order of commitment. If the matter is still pending in the appellate court, the trial court may not be able to comply with the order of this court. When a notice of appeal is filed, the trial court loses jurisdiction of the case except for certain limited purposes. "When a notice of appeal is perfected the trial court loses jurisdiction as to the judgment or part thereof from which the appeal is taken and, as to such matter, the case thereafter proceeds in the appellate court ***." *Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 433; *Montgomery Ward & Co. v. Wetzel* (1981), 98 Ill. App. 3d 243, 249.

This is not simply a case in which an original action in this court is used as a means of circumventing the appellate process. This is a case in which the appellate process was invoked and by which jurisdiction was vested in the appellate court. For some reason Baker has elected to also seek relief by way of an original action in this court. Presumably, the relief granted by the majority opinion is meant to divest the appellate court of the jurisdiction that was vested in it by the filing of the notice of appeal.

The majority acknowledges that this court has stated many times that original actions in this court are not permissible substitutions for direct appeal. However, for some inexplicable reason, plaintiff has in this case been granted relief.

I find unconvincing plaintiff's argument that the appeal process did not afford adequate relief because his sentence would have been served before a final decision could have been rendered. The appeal was perfected on June 27, 1984. If the appeal would have been diligently prosecuted, relief could have been obtained just as rapidly as it has been through this original action. Furthermore, in cases where a person will have served his sentence or substantially all of his sentence before the completion of the appellate process, courts of review almost routinely release the defendant on bail pending appeal. Plaintiff has made no showing that he sought release on bail pending appeal either in the appellate court or in this court.

But a short time ago a petition for relief by way of an original action in this court was a rarity. Recently, however, such petitions have become quite commonplace. In fact, this court is being virtually inundated with such petitions. What has caused this sudden change is not clear. It may be that the attorneys filing such petitions are uncertain of the proper remedy and file such a peti-

tion as a matter of convenience. It may be that an original action in this court is perceived as offering a quicker and more easily obtained remedy. Why bother with an appeal to the appellate court, a petition for leave to appeal to the supreme court, and briefs and arguments in both courts? Why not just file a petition for leave to pursue an original action in the supreme court?

In a few instances original actions afford the only relief available and should be allowed. When we do so, however, it seems to encourage a spate of petitions which are not meritorious. This court has neither the time nor the resources to entertain petitions for original actions except in cases where it is absolutely necessary to do so. We should guard against dissipating our time and resources on petitions for original actions in which the petitioner has, for some reason, chosen not to pursue the remedy provided by law and the rules of this court. I fear that by granting relief in this case we have simply encouraged the filing of countless similar actions. I therefore dissent.