THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD SCHEIDT, Defendant-Appellant.

Third District   No. 3—85—0605

Opinion filed May 27, 1986.—Rehearing denied July 8, 1986.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Walter P. Hehner, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

Defendant pleaded guilty to multiple Class X felonies. He was sentenced to concurrent 10-year terms of imprisonment. He neither appealed his sentence nor moved to withdraw his plea within 30 days. The plea was entered in June 1982.

In July 1984, defendant filed a post-conviction petition alleging that his guilty plea had been involuntary. The crux of defendant's claim is that the decision in *Lane v. Sklodowski* (1983), 97 Ill. 2d 311, 454 N.E.2d 322, rendered his pleas involuntary. The *Lane* court held that the Department of Corrections' policy of awarding 30 days meritorious good-time credit for every 90 days served violated the relevant sentencing statute. Defendant claims that his guilty plea was entered in reliance upon this policy. Consequently, it is argued, defendant's plea was rendered involuntary when it became impossible for him to accumulate as much good-time credit as he had expected at the time his plea was entered. The trial court appointed counsel and arguments were heard. The court found that defendant did not raise an issue of constitutional dimension and dismissed the petition.

We agree with the trial court. While it is true that a coerced guilty plea is subject to attack as an error of constitutional dimension (*People v. Willis* (1977), 50 Ill. App. 3d 498, 365 N.E.2d 597), there is no constitutional dimension to a claim that a voluntary plea of guilty was rendered involuntary by subsequent events. (*United States v. Fellus* (S.D.N.Y. 1983), 573 F. Supp. 615.) The record reveals that defendant was fully admonished by the trial court and that he was harboring no misunderstandings about what was happening to him when he entered his plea.

Defendant claims that he had a reliance interest in the then-exist-

14

ing sentence credit structure and that the taking away of this interest following his reliance violated due process. (*Weaver v. Graham* (1981), 450 U.S. 24, 67 L. Ed. 2d 17, 101 S. Ct. 960.) (We point out in passing that *Weaver* was based upon the *ex post facto* clause, not due process.) This may well be, but it is of no moment. Any loss of legitimately anticipated good-time credit might be remediable in an independent action. Here, however, it is immaterial that the loss of this alleged interest might amount to a constitutional claim. We are concerned only with the voluntariness of defendant's plea of guilty. We fail to see how the abolition of a discretionary method of sentence credit might render a voluntary plea of guilty involuntary. In so holding, we express no opinion on the validity of defendant's claim that the taking of his supposed reliance interest violated due process. We hold only that where a defendant enters a voluntary plea of guilty on the assumption that a certain state of affairs exists, and that state of affairs changes by no fault of any party to the pleading process, the plea is not rendered involuntary.

Accordingly, we affirm the judgment of the circuit court of Will County.

Affirmed.

SCOTT, P.J., and BARRY, J., concur.