THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. JOHN F. SCHULTZ, Petitioner-Appellant.

Third District    No. 3—86—0024

Opinion filed September 23, 1986.

Thomas A. Lilien, of State Appellate Defender's Office, of Ottawa, for appellant.

Erik I. Blanc, State's Attorney, of Pekin (Walter P. Hehner, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The petitioner, John F. Schultz, appeals from the denial of his petition for post-conviction relief. We affirm.

The petitioner was sentenced to a negotiated 25-year term of imprisonment pursuant to his plea of guilty to one count of murder. He neither moved to vacate his plea nor brought a direct appeal from his conviction. Rather, he sought relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*). The petitioner's request for relief was based, *inter alia*, upon the allegation that he offered his plea with mistaken reliance upon his counsel's representation that for every six months served, the petitioner might expect to receive 90-days good-time credit against his sentence. That representation, if it indeed were made, was rendered inaccurate by the subsequent decision in *Lane v. Sklodowski* (1983), 97 Ill. 2d 311, 454 N.E.2d 322. In *Lane*, the supreme court held that the Department of Corrections could grant a prisoner no more than a total of 90-days meritorious good-time credit.

In the instant appeal the petitioner argues that his petition should have been granted as he was induced to plead, in part, by a representation as to the actual prison time he could expect to serve and as that representation was rendered invalid by the decision in *Lane*. According to the petitioner, he has met his burden of showing that his plea was involuntary as entered with a mistaken understanding of its consequences. We disagree.

In the recent case of *People v. Scheidt* (1986), 144 Ill. App. 3d 12, 494 N.E.2d 159, we considered the argument of a post-conviction petitioner who claimed that his guilty plea was rendered involuntary by the subsequent decision in *Lane*. Petitioner Scheidt noted that under *Lane* the amount of meritorious good time he could receive was less than the amount he had expected when he offered his plea. In affirming the dismissal of petitioner Scheidt's post-conviction petition, we held that where a defendant enters a voluntary plea of guilty on the assumption of a certain state of affairs, and where the state of affairs subsequently changes without fault of any party in the pleading process, the plea is not rendered involuntary.

The petitioner urges no basis for post-conviction relief except

that his guilty plea was involuntary as offered in reliance upon a Department of Corrections policy which was changed subsequent to the entry of the plea. Under *Scheidt*, we reject the petitioner's argument and affirm the judgment of the circuit court of Tazewell County.

Affirmed.

HEIPLE and BARRY, JJ., concur.