WILLIE WILSON, Plaintiff-Appellant, v. MICHAEL P. LANE, Defendant-Appellee.

Fourth District    No. 4—86—0802

Opinion filed August 6, 1987.

Willie Wilson, of Vienna, for appellant, *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Nathan P. Maddox and Mark L. Rotert, Assistant Attorneys General, of Chicago, of counsel), for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

On June 3, 1986, plaintiff filed a declaratory judgment complaint. He alleged that he had been recommended for 45 days of meritorious good time (MGT), and the credit was pending before defendant, the director of the Illinois Department of Corrections, when the court decided *Lane v. Sklodowski* (1983), 97 Ill. 2d 311, 454 N.E.2d 322. Defendant denied plaintiff's good time credit. Plaintiff alleged that he had earned the credit prior to the *Lane* decision, and therefore asked the court to declare that the *Lane* decision did not apply to him. The trial court granted defendant's motion to dismiss.

We affirm.

In *Lane v. Sklodowski* (1983), 97 Ill. 2d 311, 320, 454 N.E.2d 322, 326, the court determined that section 3—6—3(a)(3) of the Unified Code of Corrections only allowed the awarding of 90 days' total credit against an inmate's sentence. (Ill. Rev. Stat. 1985, ch. 38, par. 1003—6—3(a)(3).) The court determined that its decision should be applied prospectively only. Therefore, the court stated that credits which the

director had awarded prior to July 13, 1983, would be honored. See also *Baker v. Department of Corrections* (1985), 106 Ill. 2d 100, 477 N.E.2d 686.

Here, plaintiff's meritorious good time credit application was pending when *Lane* was decided. The director had not yet awarded the good time credit. Therefore, *Lane* applies, and plaintiff, who had been awarded 90 days' credit against his sentence, was not entitled to additional meritorious good time credit.

For the above reasons, we affirm the trial court.

Affirmed.

SPITZ, P.J., and LUND, J., concur.