918 F.2d 959
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Craig P. ROMERO, Plaintiff-Appellant,
v.
Michael P. LANE, Defendant-Appellee.
 No. 88-3471.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 24, 1990.
Decided Nov. 27, 1990.
 
 Before BAUER, Chief Judge, and RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Craig Romero was convicted in Illinois of a crime committed on or about May 22, 1982. At the time of the commission of the offense, the Illinois Department of Corrections regulated early release for inmates with meritorious service awards. The regulations provided for a good conduct credit of up to ninety days off a prisoner's sentence per specific instance of meritorious service. The decision regarding these awards of good conduct credits was within the sole discretion of the Director of the Department of Corrections. The regulations stated "[n]o more than 90 days of Meritorious Good Time shall be granted by the Director at any one time." Admin.Regs.Ill.Dep't Corrections Sec. 864(II)(E), effective Feb. 1, 1981.
 
 
 2
 On August 29, 1983, the Illinois Supreme Court, in Lane v. Sklodowski, 97 Ill.2d 311, 454 N.E.2d 322 (1983), interpreted Sec. 3-6-3(a)(3) of the Unified Code of Corrections (Ill.Rev.Stat. ch. 38, para. 1003-6-3(a)(3)) to allow the Director to make multiple awards of good conduct credits provided the number of days awarded to any one prisoner did not exceed a total of ninety days. Because of this decision, the regulation was changed to state "[n]o committed person shall be granted more than 90 days of meritorious good time during a term of incarceration." Ill.Admin.Code tit. 20, Sec. 107.210(d), effective Aug. 1, 1984.
 
 
 3
 Romero filed a pro se complaint in district court, seeking declaratory and injunctive relief and damages under 42 U.S.C. Sec. 1983. Romero alleged that in changing the regulations and applying them retroactively to persons who had committed their crimes prior to the effective date of the regulation the Department of Corrections had violated the ex post facto clause of the Constitution. The district court stayed the federal proceedings pending exhaustion of state court remedies, declaring the plaintiff's complaint essentially a petition for writ of habeas corpus. Romero moved to reconsider and for leave to amend his complaint. The district court granted the motion for leave to amend the complaint but denied the motion to reconsider the stay order, effectively suspending indefinitely any action in this case. This appeal followed.
 
 
 4
 Romero's amended complaint* alleges that Lane in his capacity as Director of the Department of Corrections had a duty not to apply the meritorious good time credit regulations against Romero in a way resulting in an ex post facto clause violation. This is, of course, the essence of an official-capacity suit. See, e.g., Walker v. Rowe, 791 F.2d 507, 508 (7th Cir.) ("If the theory is that the defendant occupied a given office, and the occupant of that office had a duty (one attaching to any occupant of the office) to do such-and-such, then we have an 'official capacity' suit."), cert. denied, 479 U.S. 994, 107 S.Ct. 597 (1986).
 
 
 5
 Construing Romero's allegations as an official-capacity suit, his action fails because of the doctrine of sovereign immunity. The eleventh amendment bars suits against state governments by citizens of another state or foreign nationals. U.S. Const. amend. XI. This amendment is frequently used in this context as a "shorthand for the principle of sovereign immunity." Shockley v. Jones, 823 F.2d 1068, 1070 n. 2 (7th Cir.1987). Sec. 1983 did not abrogate the eleventh amendment. Will v. Michigan Dep't of State Police, --- U.S. ----, ----, 109 S.Ct. 2304, 2309-11 (1989). As the United States Supreme Court made clear, "[N]either a State nor its officials acting in their official capacities are 'persons' within Sec. 1983." Id. at ----, 109 S.Ct. at 2312. Lane, acting in his capacity as Director, is protected by the doctrine of sovereign immunity, because the suit would in essence be a suit against the State of Illinois. Illinois has not consented to being sued in this action. Thus, the federal courts cannot exercise jurisdiction over such a suit. Meadows v. Indiana, 854 F.2d 1068, 1069 (7th Cir.1988). Therefore, Romero's official-capacity action fails.
 
 
 6
 Romero's claim for relief in his amended complaint sidesteps this official-capacity bar by asking the court to "enter an appropriate monetary award against [Lane] in his 'individual' capacity only...."
 
 
 7
 Romero attempts to assert an individual-capacity suit against Lane for actions taken in his official capacity. We have previously recognized the difficulties Sec. 1983 plaintiffs face when doing this. Walker, 791 F.2d at 508. The plaintiff, in a case such as we have here, confronts the fatal problem of inability to prove the state actor's personal responsibility. Id.
 
 
 8
 It is difficult to envision a set of facts in this case which would allow a court to find individual liability and grant Romero's claim for damages. All Lane's actions were performed in his capacity as Director. He has done nothing "tortious independent of the office [he] holds." Id. Nothing Lane did was directed specifically toward Romero. The changes in the regulations were necessitated by the decision of the Illinois Supreme Court interpreting the current state of the law. But as counsel for the Director acknowledged at oral argument, if application of the Eleventh Amendment does not resolve this entire case (and it does not), we should remand to give the district court an opportunity to consider any facts which would support Romero's claim for damages based on Lane's conduct in his individual capacity.
 
 
 9
 As to the procedural posture of this case, the district court stayed Romero's federal action based on a failure to exhaust state remedies pursuant to 28 U.S.C. Sec. 2254. Romero is challenging the validity of the procedures applied in awarding good time credits, but is not challenging any final determination under those procedures. This case is unlike Hanson v. Heckel, 791 F.2d 93, 96 (7th Cir.1986), where there was "an undeniably direct and specific relationship between the challenged conduct and a change in the prisoner's release date." Romero sought the opportunity to be considered for more good time credits, but with the decision of whether to award the credits remaining within the sole discretion of the Director. Moreover, the only claim remaining is one for damages, which is a proper claim under Sec. 1983, but not under Sec. 2254. Therefore, Romero's action must proceed under Sec. 1983 and there is no basis for a stay.
 
 
 10
 Summarizing, the claim against Lane under Sec. 1983 challenging the action taken in his individual capacity must be remanded to the district court. To the extent that Romero's claim constitutes an official-capacity suit, the federal courts are without jurisdiction and it must be dismissed.
 
 
 11
 For the foregoing reasons, the stay granted by the district court is VACATED and the case is REMANDED for further proceedings consistent with this order.
 
 
 
 *
 As Romero concedes, his amended complaint was substantially reduced for our purposes by his release from prison in September of 1989. The claims for declaratory and injunctive relief were mooted, but any claim for damages may survive