**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 29, 2014
Decided May 15, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 13-1972

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 11 CR 186 |
| MICHAEL J. TOLBERT *Defendant-Appellant.* | Lynn Adelman, *Judge.* |

**O R D E R**

When Michael Tolbert was arrested in 2011 for not registering as a sex offender and possessing guns illegally, he already had an extensive criminal past. At issue in this appeal is whether two criminal-history points properly were assigned when he was sentenced for possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). The first contested point was added for a crime of violence that did not receive 3 points only because that offense had been counted together with another as a single sentence. *See* U.S.S.G. §§ 4A1.1(a), (e), 4A1.2(a). The second point was based on the district court's finding that a state court had imposed two concurrent jail terms, not a single term, for Tolbert's two theft convictions. *See id.* § 4A1.2(a)(2). Just one of these disputed criminal-history points was enough to push Tolbert into criminal-history Category IV. Because we conclude that the first of these points

properly was assessed, we need not address Tolbert's argument about the second. His sentence is affirmed.

Tolbert's felony convictions date back to September 1980 when he was sentenced in Cook County, Illinois, on convictions for attempted murder, rape, armed robbery, armed violence, and home invasion. Tolbert and an accomplice had forced their way into an apartment, raped a woman in the presence of her 9- and 14-year-old children, and then shot all three in the head. The younger child died. Tolbert served time in prison, and in August 2011, long after his release, police in Kenosha, Wisconsin, learned that he was living there but had not registered in the state as a sex offender, which was required. Tolbert had been stopped in Kenosha for a traffic violation while driving a borrowed car, so police went to the owner's house looking for him. The owner confirmed that Tolbert had been living with her for seven months. With her consent, police searched the house and in Tolbert's bedroom found two guns and ammunition.

Tolbert surrendered to police the next day. He was charged with failing to update his sex-offender registration with his Wisconsin address, 18 U.S.C. § 2250, and possessing a firearm as a felon, *id.* § 922(g)(1). He pleaded guilty to the gun charge, and the other count was dismissed. Tolbert was sentenced in 2013. A probation officer calculated a total offense level of 17 and criminal-history score of 8, placing Tolbert in criminal-history Category IV.

Tolbert's convictions in 1980 had resulted in a 50-year term of imprisonment for attempted murder and also for rape. He received a 25-year sentence on each of the three other counts (armed robbery, armed violence, and home invasion), with all five sentences running concurrently. Because the 25-year sentences expired after 12-1/2 years, *see* ILL. REV. STAT. ch. 38 § 1003-6-3(a)(2) (1979); *Barksdale v. Franzen*, 700 F.2d 1138, 1140 (7th Cir. 1983); *Lane v. Sklodowski*, 454 N.E.2d 322, 325 (Ill. 1983), those counts did not receive criminal-history points, *see* U.S.S.G. § 4A1.2(e)(3). And the two 50-year sentences counted as a single sentence because they resulted from crimes charged together and also sentenced on the same day. *See* U.S.S.G. § 4A1.2(a)(2). Thus, Tolbert received 3 points for one 50-year sentence, *see* U.S.S.G. § 4A1.1(a), and 1 additional point under U.S.S.G. § 4A1.1(e) because the second 50-year sentence resulted from a crime of violence that counted as a single sentence. Tolbert objected to the addition of the fourth point, arguing that he received one aggregate 50-year sentence for the attempted murder and rape.

The probation officer also assessed 2 points for two convictions in Lake County, Illinois, in 2010 for retail thefts that occurred on different dates. Tolbert had been arrested after stealing a camera from a store and then, three months later, was caught stealing liquor

from a different merchant. The two thefts were charged separately and assigned distinct case numbers, but both charges were resolved on the same date. The state court issued a single judgment listing both case numbers. That judgment says Tolbert was found guilty of "retail theft in both cases" and that he "shall be required to serve a sentence of 30 days in the Lake County Jail." The probation officer concluded that Tolbert had received *two* 30-day sentences and, because the thefts were separated by an intervening arrest, added a point for each sentence. *See* U.S.S.G. § 4A1.1(c). Tolbert objected and insisted that the two thefts had yielded a single sentence and thus should have received only 1 criminal-history point.

Tolbert incurred 2 more criminal-history points that he did not contest. By his count, then, the total was 6, a point shy of the 7 that would bump him from Category III to Category IV. The district judge agreed with the probation officer, however, that Tolbert had accumulated 8 criminal-history points. The judge sentenced him to 46 months' imprisonment, the high end of the resulting range of 37 to 46 months. The judge concluded that Tolbert had been sentenced to separate 50-year terms on his 1980 convictions for attempted murder and rape, and that, because these convictions counted under the Guidelines as a single sentence allowing just 3 criminal-history points, *see* U.S.S.G. § 4A1.1(a), a fourth point was mandated by § 4A1.1(e). The judge further concluded that the state court had imposed a 30-day sentence for each of Tolbert's convictions for retail theft but simply listed those sentences together in shorthand fashion in a single judgment. Because the two retail thefts were separated by an intervening arrest, the judge counted them separately under the Guidelines, adding 1 point for each conviction.

On appeal Tolbert presses his contention that he incurred only 6, not 8, criminal-history points and thus should have been in a lower criminal-history category. He first argues that he should not have received the fourth point under § 4A1.1(e) on his 1980 sentences for attempted murder and rape. He insists that § 4A1.1(e) does not apply if the prior crimes of violence occurred on the same occasion. And because he committed those two crimes together, Tolbert concludes, he can receive criminal-history points for only one of the convictions.

Before 2007, § 4A1.1(e) (formerly designated as § 4A1.1(f)) provided:

Add **1** point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was considered related to another sentence resulting from a conviction of a crime of violence, up to a total of **3** points for this item. *Provided*, that this

item does not apply where the sentences are considered related because the offenses occurred on the same occasion.

U.S.S.G. § 4A1.1(f) (2006). In 2007 this language was amended by removing from the third line the reference to a "related" sentence and also striking the entire last sentence. U.S.S.G. app. C, vol. III, amend. 709 (2011). As amended, this provision now reads:

> Add **1** point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was counted as a single sentence, up to a total of **3** points for this subsection.

U.S.S.G. § 4A1.1(e) (2010). Tolbert recognizes that the new version—which governs his case—no longer includes any reference to "related" sentences or to whether multiple crimes were committed on the same occasion. But he emphasizes that the pertinent application note was not changed when the Guidelines were amended, and even now the commentary includes the example of a defendant who committed prior crimes on *different* occasions and received an extra point under § 4A1.1(e). *See* U.S.S.G. § 4A1.1 cmt. n.5 (2010). It follows from this example, Tolbert reasons, that § 4A1.1(e) still applies *only* when prior crimes were committed on different occasions. We review de novo a district court's interpretation of the Guidelines, and its factual findings for clear error. *United States v. Ruelas-Valdovinos*, No. 12-2685, 2014 WL 1347747, at *2 (7th Cir. Apr. 7, 2014); *United States v. Medina*, 695 F.3d 702, 704 (7th Cir. 2012).

Tolbert's reading of § 4A1.1(e), as amended, is inconsistent with how that provision has been applied. We have not addressed the effect of the change to subsection (e), but other circuits have recognized that the Guidelines no longer distinguishes multiple prior crimes that occurred on the same occasion from multiple prior crimes that occurred on different occasions. *See United States v. Scott*, 654 F.3d 552, 557 (5th Cir. 2011); *King v. United States*, 595 F.3d 844, 850 (8th Cir. 2010). The purpose of § 4A1.1(e) is to add criminal history points for crimes of violence that are not counted under § 4A1.1(a), (b), or (c). *King*, 595 F.3d at 850. Prior sentences for crimes of violence that are counted as a single sentence and not assessed points under subsections (a) through (c) will receive an additional point under subsection (e) whether or not the crimes occurred on the same occasion. *Scott*, 654 F.3d at 557.

Tolbert reads the example in the commentary to exclude all other scenarios, rather than as just one example of the Guidelines application. In doing so, Tolbert ignores the

Sentencing Commission's explanation for the amendment, which provides an example, similar to the one Tolbert cites, where a defendant who received concurrent 5-year sentences for two robbery convictions would incur 3 criminal-history points under § 4A1.1(a) and 1 more point under § 4A1.1(e). The example accompanying the amendment, however, does not specify whether the prior crimes occurred on the same or different occasions. U.S.S.G. App. C, vol. III, amend. 709, p. 239 (2011). Thus, the court properly attributed to Tolbert a criminal-history point under § 4A1.1(e) for the second 50-year sentence that did not receive other points under § 4A1.1(a), (b), or (c).

Tolbert needed just 7 criminal-history points to be in criminal-history Category IV. Because Tolbert does not challenge 6 of his criminal-history points, and the district court properly assigned 1 additional point under § 4A1.1(e) for his 1980 convictions, we need not address Tolbert's remaining argument challenging the eighth criminal-history point.

Accordingly, the sentence is AFFIRMED.